UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-293-FDW

| TERRELL BATTLE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| FRANK PERRY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration, which the Court construes as a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure. (Doc. No. 38). Also pending is Plaintiff's Motion to Appoint Counsel. (Doc. No. 44).

**I.      BACKGROUND**

On June 3, 2016, Plaintiff Terrell Battle, currently a pre-trial detainee in the Piedmont Regional Jail in Farmville, Virginia, filed the underlying lawsuit pursuant to 42 U.S.C. § 1983. When Plaintiff filed this action, he was incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. Plaintiff alleged claims of various violations of his constitutional rights based on the refusal by officials at Alexander Correctional to allow Plaintiff, who was born male but identifies as female, to undergo hormone treatment therapy.

On August 25, 2016, the Court found that Plaintiff's allegations survived initial review. The Clerk then mailed blank summons forms to Plaintiff with instructions to complete and return them for service by September 8, 2016. On October 28, 2016, the Clerk was instructed to resend

1

summons forms to Plaintiff at his current address, with instructions to complete and return them for service by November 14, 2016. The Court warned Plaintiff that if he did not return the summons forms by the deadline, the Court would dismiss the action. Plaintiff did not return the summons forms by the deadline. On January 12, 2017, the Court dismissed the action for failure to comply with the Court's order.

Plaintiff filed a motion for reconsideration on February 7, 2017, alleging that he had not received the prior mailings. On February 8, 2017, the Court granted Plaintiff's motion and granted Plaintiff twenty days from service of the order to return completed summons forms. Plaintiff returned the summons forms, but they were not filled out correctly. Therefore, on April 5, 2017, blank summons forms were again mailed to Plaintiff, with instructions to complete and return the summonses for service. Plaintiff returned the summons forms and on April 13, 2017, summonses were issued conventionally to the U.S. Marshal for service. The summonses for Defendants Smith and Junker were returned executed on May 9, 2017, and these Defendants filed an Answer on July 31, 2017.

On August 14, 2017, the Court entered a pretrial order and case management plan, scheduling the deadlines for discovery and for filing dispositive motions. On March 30, 2018, Defendants filed a motion to extend the deadline to file dispositive motions. In that motion, defense counsel indicated that counsel had been unable to contact Plaintiff and had reason to believe Plaintiff was no longer residing at the address listed on the Court's docket.

On April 3, 2018, the Court entered an order granting the motion for extension of time of scheduling order deadlines. In that order, the Court directed Plaintiff to notify the Court of his current address, to confirm that he still resided at the address listed on the Court's docket, and to notify the Court if he intended to continue to prosecute the action. The Court further directed the

Clerk to mail a copy of the order to Plaintiff's last known address. The Court notified Plaintiff that the action would be subject to dismissal for failure to prosecute if Plaintiff did not notify the Court of his address change. Plaintiff failed to notify the Court of a change of address or of his intention to prosecute the case within the specified time. Therefore, on April 25, 2018, the Court entered an order dismissing the action without prejudice.

Plaintiff has now moved for reconsideration of the Court's second dismissal order, alleging once again that Plaintiff did not receive notice of a Court's order--this time the order requiring him to notify the Court of his address change and whether he intended to continue to prosecute the case.

## II.  DISCUSSION

Rule 60 of the Federal Rules of Civil Procedure addresses relief from a judgment or order. Subsection (b) sets forth the grounds for relief (other than clerical mistakes, oversights and omissions). Of the six potential substantive grounds, only two are even potentially applicable in this instance. Subsection (b) allows the court to grant relief from an order or judgment in the case of "(1) mistake, inadvertence, surprise or excusable neglect" or the catch-all "(6) any other reason that justifies relief." FED. R. CIV. P. 60(b).

Plaintiff has not presented sufficient grounds for the Court to grant his motion for reconsideration and to reopen this action. Plaintiff was clearly aware of his duty, before this action was dismissed for the second time, to keep the Court apprised of his current address. Before the entry of the second dismissal order, Plaintiff had already filed two notices of change of address. Therefore, Plaintiff's failure to inform the Court of his current address was not a "mistake, inadvertence, surprise or excusable neglect"—rather, it was a dereliction of a duty that was well known to him by April 2018.

Nor has Plaintiff presented "any other reason that justifies relief." The Court notes that, although Plaintiff sought compensatory damages as part of his action, he also sought an order from the Court requiring officials at Alexander to provide him with hormone therapy treatment. Plaintiff is no longer in the custody of the North Carolina Department of Public Safety; thus, he can no longer receive the specific injunctive relief he sought, which is an order requiring the North Carolina Department of Public Safety to provide him with hormone treatment therapy.

In sum, this is the second time Plaintiff has failed to keep the Court informed of his whereabouts, and it is the second time he has filed a motion for reconsideration of an order dismissing the action. Because Plaintiff was aware of the duty and importance of keeping the Court informed of his current address and because the case was dismissed without prejudice, the Court will not disturb its previous ruling dismissing the case. If Plaintiff has not already obtained the hormone treatment therapy he was seeking, he may still seek it from his current custodian.

**IT IS, THEREFORE, ORDERED** that

(1) Plaintiff's Motion for Reconsideration, (Doc. No. 38), is **DENIED**.

(2) Plaintiff's Motion to Appoint Counsel, (Doc. No. 44), is **DENIED**.

Signed: October 16, 2018

Frank D. Whitney
Chief United States District Judge